## MILFORD v. AIKEN.

CHATTEL MORTGAGES—INDEXING.—It is not necessary that a chattel mortgage for less than $100 be probated before indexing.

Before BENET, J., Greenwood, November, 1900. Affirmed.

Action by Joseph H. Milford against David Aiken for damages for conversion of personal property. From order affirming judgment of magistrate, plaintiff appeals.

*Messrs. Graydon & Giles,* for appellant, cite: 20 Ency., 1st ed., 553; Rev. Stat., 818, 820; 27 S. C., 264; 22 S. C., 332; 23 S. C., 383.

*Messrs. Caldwell & Park,* contra, cite: Rev. Stat., 818,

820; 17 Stat., 1053; 27 S. C., 265; 30 S. C., 269; Rev. Stat., 2516; 55 S. C., 315; 14 S. C., 42.

July 13, 1901. The opinion of the Court was delivered by

MR. JUSTICE POPE. This was an action for $50 damages brought in magistrate's court, resulting from the alleged wrongful and unlawful taking by the defendant of the plaintiff's cow, and unlawfully converting the same to defendant's own use. A judgment was rendered in the magistrate's court for the defendant. An appeal was then taken by the plaintiff to the Court of Common Pleas for Greenwood County, and was heard by his Honor, Judge Benet. After a full hearing in the latter Court, the Circuit Judge dismissed the appeal. It now comes before this Court on appeal, and while there are several exceptions presented, the only question really involved by them is this: Can a mortgage of chattels for a sum less than $100, which is duly indexed in the clerk's office, according to the requirements of the act of 1882 (see 17 vol. Stat. at Large, at pages 1053 and 1054) and without any other record thereof in said clerk's office, be held to impute notice of such chattel mortgage to the public, and by which notice the said public is bound? We will consider this question.

The object of a registration law is to provide a ready means to the public of learning the status of property, real or personal, so far as claims to the same may be in persons other than the owner. These registration laws are purely the creation of the statute law, and, therefore, are subject to such variety as to form, methods, &c., as to the legislative mind may seem best. For instance, for a long time mortgages of real and personal property were recorded in the same book; but after a while the demands of trade became so great that the State legislature directed that these mortgages of real and personal property, respectively, should be made in separate books, with a separate index to each. And as to personal property, in answer to the same demands of

the trade, what is known as agricultural liens (which is nothing more than a mortgage) were required to be placed in a separate book for registration, and the form of such registration was made very simple, and the cost of recording was greatly reduced. Up to the year 1882, the form of mortgages of personal property and the cost of recording the same were kept alongside of that attending mortgages of real estate, and, as before remarked, in the same book. But in that year the legislature passed an act with this title: "An act for the recording of chattel mortgages and mortgages of real estate in separate sets of books, and to provide for the separate indexing of the same," 17 Stat., 1053. Sections 1 and 2 of this act directed the clerks and registers of mesne conveyances of the several counties of this State to record chattel mortgages in a separate set of books, with a separate index thereto, and mortgages on real estate in a separate set of books, with seperate indexes thereto. But in sec. 3 this language is used: "It shall be a sufficient record of any chattel mortgage where the amount secured is not more than $100 to enter upon an index book to be kept for that purpose by register of mense conveyance, the names of mortgagor and mortgagee, the amount and character of the debt secured, a brief description of the chattels pledged, the date of said mortgage and of the maturity of said debt, and the date of presentation of such mortgage for record; and the fee to be charged by the register of mesne conveyance shall be the same as now provided by law for the indexing of liens on crops for agricultural purposes." . And sec. 4 of said act uses these words: "All acts and parts of acts inconsistent with the provisions of this act are hereby repealed."

It is contended by the appellant, in the case at bar, that while he admits the foregoing act, so far as the indexing of all chattel mortgages under $100 is concerned, still it was the duty of the register of mesne conveyance, as a preliminary prerequisite to such indexing of the chattel mortgage, to secure the debt of $65 to the respondent, defendant, to require that an affidavit of the witness to such chattel mort-

gage should have been made. The respondent admits that under the act of 1880, it would have been necessary to have such witness make such affidavit, which the register of mesne conveyance would have been required to record along with all the terms of said chattel mortgage; but the act of 1882, heretofore set out in this opinion, has repealed so much of said act of 1880, as would require such record in the case of chattel mortgages intended to secure a debt of less than $100. The act of 1880 referred to (sec. 17, Stat. at Large, p. 319,) provides among other things, "That before any deed or instrument of writing can be recorded in the proper office within this State, the execution thereof shall first be proved by the affidavit in writing of a subscribing witness taken before some officer within this State competent to administer an oath." This Court, in the case of *McGowan* v. *Reid,* 27 S. C., 264, held: "We know of no law which requires a chattel mortgage to be attested by subscribing witnesses, one or more, in order to make it valid between the parties." But this does not reach this question, for here it is a third party who is affected. The nearest to a decision of this question is the case of *Murphey* v. *Valk,* 30 S. C., 269, where there was a mechanic's lien, and no witness, and, therefore, no affidavit of a subscribing witness presented to the register of mesne conveyance before such mechanic's lien was recorded by him. On that point, in the case just cited, the Court held: "But if we are mistaken in this" [when the Court was discussing some part of the act itself known as the mechanic's act] "and there is real conflict between the acts as to the proofs necessary for recording a mechanic's lien, we suppose that there can be no doubt that the amendment of the mechanic's act (1884) being subsequent to the registry law (1876)" [the act was passed in the year 1880, and the section of General Statutes setting out this law was *section 768*], "repealed any provisions in that law which was inconsistent with it. The second section of the amendment declares: 'That all acts and parts of acts inconsistent with this act are hereby repealed.' The special provisions of this

8—61

act as to the measure of recording a mechanic's lien is the law that must govern, and as we think this has been the unvarying practice heretofore in all such cases, we cannot say the Judge below committed error in holding that the lien was legally recorded." To our minds it is clear that the act of 1882, which we have herein before quoted, made an innovation upon the registry laws, so far as chattel mortgages to secure debts less than $100 was concerned, by simply declaring the index then provided made a full record of the same. It is well to remember that the index therein provided was not simply the names of the mortgagor and the mortgagee, but that it set out specifically all that it should contain, and in these matters so provided no affidavit of a subscribing witness is mentioned. Such being our views, we cannot sustain appellant's contention.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.