### BRYANT v. THIGPEN.

1. CHATTEL MORTGAGE—INDEXING.—Recording a chattel mortgage and agricultural lien for less than $100 by indexing in book for that purpose under the head of "character of the debt," "L. & M.," and under "amount," "$25.00," is a sufficient indexing of a chattel mortgage to the amount of $25.00. The fact that the mortgage contained a clause securing other indebtedness does not effect its lien for said amount.

2. REHEARING refused.

Before KLUGH, J., Clarendon. Affirmed.

From judgment affirming judgment of magistrate in J. J. Bryant against F. W. Thigpen, defendant appeals.

*Messrs. Wilson & Durant,* for appellant, cite: 35 Ill., 478; Code, 1902, 2456, 950; 61 S. C., 113; 21 S. C., 268; 22 S. C., 332; 14 S. C., 43; 12 L. R. A., 384; 13 Ga., 447; 40 Ga., 540; 80 Ga., 230; 2 La. Ann., 917; 24 Ency., 2d, 105.

*Mr. W. C. Davis,* contra, cites: 5 S. C., 101; 3 Ency., 198; 57 S. C., 1; 34 S. C., 559; 20 Ency., 573, 571, 529, 565; 15 S. E. R., 376; 5 Ency., 145; 2 Bl. Com., 154; 61 S. C., 111; Black on Int. of Laws, 311, 554, 562, 563; 67 S. C., 251, 110; 45 S. C., 69.

This opinion was filed July 3, 1905, but on petition for rehearing, remittitur was held up until

February 1, 1906. The opinion of the Court was delivered by

MR. CHIEF JUSTICE POPE. An action was begun in magistrate's court in Clarendon County for the claim and delivery of a bay mare named Ellen by the plaintiff against the defendant, based upon a lien and chattel mortgage recorded in the book for record of chattel mortgages for amounts less than one hundred dollars, as provided for in the last part of section 950, of vol. I., of Code of S. C.

The defendant claimed that said record was void because the full amount for which said mortgage was given did not appear in such recording. The magistrate held that such paper was properly recorded and, therefore, gave judgment for the plaintiff in the sum of $25. An appeal was taken to the Circuit Court by the defendant on the same objection he had urged before the magistrate. The Circuit Judge held that the index as provided for in section 950, *supra,* was constructive notice to the defendant of the mortgage and, therefore, gave judgment dismissing the appeal.

The defendant now appeals to this Court upon the two grounds as follows: First. "That the Circuit Judge erred in holding that indexing would be a sufficient record of the instrument herein." Second. "That the Circuit Judge erred in holding that the indexing was sufficient record and sufficiently showed the amount and character of the debt secured, it being respectfully submitted that the entries in the index book were not sufficient in this respect."

We will now consider these two exceptions together. This part of section 950, of first vol. of Code, is as follows: "It shall be a sufficient record of any chattel mortgage, where the amount secured is not more than one hundred dollars, to enter upon an index book, to be kept for that purpose by register of mesne conveyances, the names of mortgagor and mortgagee, the amount and character of the debt secured, a brief description of chattels pledged, the date of said mortgage and of the maturity of said debt, and the date of presentation of such mortgage for record; and the fee to be charged by the register of mesne conveyances

shall be the same as now provided by law for the indexing of liens on crops for advances for agricultural purposes."

As was said by this Court in the case of *Milford* v. *Aiken,* 61 S. C., 110, 39 S. E., 233 : "The object of a registration law is to provide a ready means to the public of learning the status of property, real or personal, so far as claims to the same may be in persons other than the owner. These registration laws are purely the creation of the statute law, and, therefore, are subject to such variety as to form, methods, etc., as to legislative mind may seem best. For instance, for a long time, mortgages of real and personal property were recorded in the same book; but after a while the demands of trade became so great that the State Legislature directed that these mortgages of real and personal property, respectively, should be made in separate books, with a separate index to each. And as to personal property, in answer to the same demands of trade, what is known as agricultural liens (which is nothing more than a mortgage) were required to be placed in a separate book for registration, and the form of such registration was made very simple, and the cost of recording was greatly reduced." In the case just cited, it was held that the affidavit of witness to such lien and mortgage was not required in order to be recorded.

Law when applied to an action looks to the concrete case: here, for instance, it is admitted that the plaintiff paid the defendant but $25, and this amount was set forth in the record of such chattel mortgage. It is true, that in the third clause of said mortgage some reference is made to a further consideration of the same, "and in order to secure the payment at the time aforesaid, of any other and such other sums of money, and the interest thereon, which the party of the second part may be due and owing unto the party of the first part at any time during the current year." This was not set out in the record but only the sum of $25 was so set out. It may be granted that if the party of second part had been due to the party of the first part any other

15—73

sum than $25, it would have been held void, but such is not the case here.

In order to show the exact compliance in the recording of this chattel mortgage with record here, we reproduce the same:

"Date of Presentation for record.       Mortgagor
            Feb. 13, 1904.                    Robert Mack.
Mortgagee            Date of Mortgage  Date of Maturity
J. J. Bryant.        Jan. 11, 1904.    Oct. 15, 1904.
Amount               Character of Debt. Date of Settlement.
$25.00.              L. & M.

                Description of Chattels Pledged.

"All cotton and cotton seed to be made on ten acres, one bay mare, named Ellen, and one open top buggy and harness, all in good repair."

A comparison of the items of the record with the items of section 950, *supra*, show that the chattel mortgage was properly recorded. We must, therefore, overrule these exceptions.

The judgment of this Court is, that the judgment of the Circuit Court is affirmed.


February 1, 1906. PER CURIAM: On hearing the petition for rehearing in the foregoing action, we fail to find that any material facts were omitted, or any provisions of law were overlooked. The manifest purpose of the statute for recording was to provide a ready and expeditious method for said recording, and it was intended that the character of the debt should be stated in brief and general terms. The use of the letters "L" and "M" were to show that the debt was a lien and mortgage debt and taken in connection with the property described indicated an agricultural lien debt. We must refer the petition for a rehearing.

It is ordered, that the order for the stay of remittitur herein be vacated.